Carl J. Marquardt (WSBA No. 23257)
1126 34th Avenue, Suite 311
Seattle, WA 98122
Tel: (206) 388-4498
Email: carl@cjmlawoffice.com

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| Zhengzhou Letai Trading Co., Ltd., <br><br> *Plaintiff*, <br><br> v. <br><br> TowerStar Pets, LLC, <br><br> *Defendant*. | **Case No. 2:25-cv-1202** <br><br> **Complaint For Declaratory Judgment** <br><br> **Jury Trial Demand** |

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff Zhengzhou Letai Trading Co., Ltd, d/b/a Zebra Home Supply ("Zebra Home Supply," or "Plaintiff"), against Defendant TowerStar Pets, LLC ("Defendant"), claiming for patent non-infringement of certain Pet Feeding Products against U.S. Patent No. 8,516,975 ("'975 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This court has original jurisdiction over the subject matter of this action pursuant to the Patent Act, 35 U.S.C.§§ 101 et seq., pursuant to 28 U.S.C.§§ 1331, 1332(a) and (c), 1338(a), and pursuant to the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202.

## THE PARTIES

**THE PLAINTIFF**

2. Plaintiff Zhengzhou Letai Trading Co., Ltd., is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located in Zhengzhou, China.

**THE DEFENDANT**

3. Defendant TowerStar Pets, LLC is a limited liability company organized and existing under the laws of Pennsylvania, having its address located at 1200 North Valley Road Malvern, PA 19312. Defendant's contact information is as follows: jbecattini@neaterpets.com.

4. Upon information and belief, Defendant is the assignee of the '975 Patent.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

6. An actual case or controversy exists between the parties to this action. Defendant submitted infringement reports to Amazon against Plaintiff alleging the infringement of its '975 Patent which resulted in removal of Plaintiff's products on Amazon and caused significant financial loss. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

7. This Court may exercise personal jurisdiction over Defendant because Defendant purposefully directed at this forum (the Western District of Washington) its enforcement activities concerning the '975 Patent. Specifically, Defendant submitted a complaint of infringement to Amazon.com, Inc., which has a principal place of business at 410 Terry Ave. N, Seattle, WA 98109. By targeting Amazon's Seattle-based business and causing damages to Plaintiff, Defendant has intentionally availed itself of the privilege of conducting activities in this District, giving rise to this action and sufficient minimum contacts under Washington's long-arm statute, RCW 4.28.185, and the Due Process Clause of the U.S. Constitution.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District—specifically, the issuance of a takedown notice directed to Amazon's Seattle operations. Venue is also proper under § 1391(c)(2) because Defendant is subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

9. Plaintiff owns and operates an Amazon store selling multiple kinds of products, including the Pet Feeding Products.

10. On April 29, 2025, Plaintiff's received email from Amazon stating that its Pet Feeding Products allegedly infringe the '975 Patent. A true and correct copy of the Amazons emails are attached hereto as Exhibit 1. The emails also identified the rights holder as Neater Feeder, and provided his email address as jbecattini@neaterpets.com. Plaintiff's Pet Feeding Products (ASIN: B0DPFWZ3Z9) were removed by Amazon on the same day. Plaintiff was also informed that if it failed to resolve this dispute promptly, Plaintiff may no longer be allowed to sell to Amazon. *Id*.

11. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for Pet Feeding Products, Plaintiff needs its products listed in the Amazon marketplace. Amazon has removed Plaintiff's Pet Feeding Products from the marketplace, preventing Plaintiff from accessing its largest channel of trade because of Defendant's infringement reports. Thus, Defendant's submission of Amazon infringement reports has caused and continues to cause immediate and irreparable harm to Plaintiff.

**U.S. PATENT NO. 8,516,975**

12. The face of the '975 Patent lists Defendant as its assignee. *See* Exhibit 2. The '975 Patent was issued on August 27, 2013. *Id*.

13. The '975 Patent is entitled "PET FEEDING SYSTEM AND METHOD FOR COLLECTING SPILLED FOOD AND WATER" and generally discloses "A pet feeding system for separating spilled food from spilled water comprises a housing having a contained feeding area and at least one opening used to separate spilled food from spilled water. The system may include a sloped surface extending downward from a bowl region toward a collection region. A method for collecting spilled food and spilled water from a pet feeding system includes the step of separating spilled water from spilled food." Exhibit 2, at Abstract.

14. The '975 Patent has only four independent claims and seventeen dependent claims, each claiming a pet feeding system. *See* Exhibit 2.

**COUNT I**
**(Declaratory Judgment of Non-infringement of U.S. Patent, No. 8,516,975)**

15. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

16. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the non-infringement of the '975 Patent by the Pet Feeding Products, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

17. Plaintiff's Pet Feeding Products do not infringe any of the presumably valid claims of the '975 Patent, as the Pet Feeding Products fail to meet one or more elements of independent Claims 1-2, 10 and 21 of the '975 Patent.

18. For example, all the four independent Claims of the '975 Patent request "the opening having a perimeter that is surrounded by a peripheral wall," or "a peripheral wall surrounding the opening." *See* Exhibit 2, pp. 63-64. However, Plaintiff's Pet Feeding Products do not have the peripheral wall, as shown below:



19. Additionally, all the four independent Claims of the '975 Patent also request a bowl resting on the peripheral wall. *Id.* Since Plaintiff's Pet Feeding Products do not have the peripheral wall, its bowl also cannot rest on the peripheral wall, but directly rests on the surface.

20. Further, all the four independent Claims of the '975 Patent also request "forming a chute for conveying spilled water from the first end of the base directly into the trap by channel flow." *Id.* Plaintiff's Pet Feeding Products also do not have the chute for conveying spilled water as shown above.

21. Thus, among other things, Plaintiff's Pet Feeding Products do not meet the limitation of the independent Claims 1-2, 10 and 21 of the '975 Patent.

22. Likewise, since the independent Claims 1-2, 10 and 21 are not infringed, neither are dependent claims 3-9, 11-20. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

23. Defendant's baseless infringement report on the Amazon platform have caused imminent and real threat of an infringement lawsuit.

24. To resolve the legal and factual questions raised by Defendant and to afford relief from the uncertainty and controversy that Defendant's allegations have created, Plaintiff is entitled to a declaratory judgment that its Pet Feeding Products do not infringe the '975 Patent.

## COUNT II
**(Tortious Interference with Existing Business Relationships)**

25. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

26. Defendant's actions, as described herein, including baseless infringement claim to Amazon that Plaintiff' Pet Feeding Products infringe upon its '975 Patent has harmed Plaintiff'

selling relationship with Amazon by putting Plaintiff at risk of their Amazon stores being permanently closed as a result of legally false infringement complaints, and hindering the continued sale and positive review of the Plaintiff' Pet Feeding Products by Amazon customers so that, even if the listing were restored, it would be at a disadvantage to similar products offered by Plaintiff' competitors.

27. Defendant intended to harm and have irreparably harmed Plaintiff's reputation with Amazon by making these false statements to Amazon.

28. Plaintiff would lose valuable selling opportunities and severe irreparable harm as a direct result which there is no adequate remedy at law.

29. Plaintiff is entitled to the imposition of a preliminary and permanent injunction against the Defendant, to restrain and enjoin it and its agents from further tortiously interfering with the Plaintiff's business relationship with Amazon.

30. By reason of the foregoing, Plaintiff is entitled to an award of damages from Defendant in an amount to be determined at trial.

31. Defendant's aforesaid acts are of such wanton, willful and malicious nature, that Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial, in order to punish the Defendant and deter others similarly situated from committing such acts in the future.

32. By reason of the foregoing, Plaintiff is suffering and will continue to suffer irreparable harm, unless and until the Court directs the Defendant to withdraw its complaint to Amazon.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

a. For judgment in favor of Plaintiff against Defendant on all claims.

b. Declaring that Plaintiff's Pet Feeding Products do not infringe Defendant's '975 Patent.

c. Judgment that this case is exceptional and that the Defendant be ordered to pay all Plaintiff's costs and attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

d. Enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint regarding the '975 Patent against Plaintiff and its Pet Feeding Products.

e. Ordering Defendant to return to the Court with proof of compliance with this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

f. Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

g. Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

h. Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages.

i. Awarding pre- and post- judgment interest.

j. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

| | |
|---|---|
| | Respectfully submitted,<br>LAW OFFICE OF CARL J. MARQUARDT PLLC |
| Date: June 25, 2025 | By: */s/ Carl J. Marquardt*<br>Carl J. Marquardt (WSBA No. 23257)<br>1126 34th Avenue, Suite 311<br>Seattle, WA 98122<br>Tel: (206) 388-4498<br>Email: carl@cjmlawoffice.com |
| | Glacier Law LLP<br>Jie Li, Esq. (*pro hac vice* application to be filed)<br>jie.li@glacier.law<br>251 South Lake Ave Suite 910<br>Pasadena, California 91101<br>Telephone: 626-750-0040 |
| | ***Attorneys for Plaintiff*** |